**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| In re: | ) | Case No. 24-11944 |
| | ) | |
| DEBRA HIRATZKA, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | **Hon. Beth Buchanan** |
| | ) | U.S. Chief Bankruptcy Judge |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS

Pursuant to 11 U.S.C. § 1112(b)(1), Andrew R. Vara, United States Trustee for Regions 3 and 9, moves the Court to dismiss this case. This Motion seeks dismissal for reasons that include the substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. For the reasons more thoroughly explained in the attached Memorandum in Support, the Court should grant this Motion.

Dated: February 27, 2025

Respectfully Submitted:

Andrew R. Vara
United States Trustee, Regions 3 and 9

by:    */s/ David T. Austin*
David T. Ausitn (CT #435157)
United States Department of Justice
Office of the United States Trustee
J.W. Peck Federal Building
550 Main Street, Suite 4-812
Cincinnati, Ohio 45202
Voice: (513) 684-6989
Fax (513) 684-6994
Email: david.austin2@usdoj.gov

**MEMORANDUM IN SUPPORT**

1. This Motion seeks dismissal for cause pursuant to 11 U.S.C. § 1112(b). Cause to dismiss exists because there has been substantial or continuing loss to the bankruptcy estate and there is no reasonable likelihood of rehabilitation.

**I.    PERTINENT FACTUAL BACKGROUND**

2. Debra Hiratzka (the "Debtor") filed a Voluntary Petition under Chapter 11, Subchapter V of the Bankruptcy Code on August 22, 2024 (doc. 1). Matthew T. Schaeffer was appointed the Subchapter V Trustee in this case on Augst 27, 2024 (doc. 9).

3. Debtor testified at the meeting of creditors pursuant to 11 USC § 341 which took place over multiple days and was concluded on October 29, 2024.

4. Debtor is the owner or partial-owner of at least four business, though her schedules and testimony are inconsistent on this point. Her first filed Schedule A/B lists three business: Alford Finance, Derojo,[1] and Derojo Holdings (doc. 27). Her first Amended Schedule A/B lists only two businesses: Alford Finance and Derojo (doc. 47). Her second Amended Schedule A/B again lists only Alford Finance and Derojo (doc. 54). The Ohio Secretary of State website lists additional "Derojo" entities as active: "Derojo Holding, LLC" and "Derojo Properties, LLC." Each of these latter two companies indicate the agent as "Robert J. Stein," the same person who is the agent for Derojo.

5. According to Debtor's testimony, all of these businesses are operated by her son Robert J. Stein, and she takes minimal involvement in their operations and derives no income from them.

---

[1] It is assumed that this entity is "Derojo, Inc." because the UST has received tax returns from the Debtor for it.

1

6. The Debtor was also the owner of several pieces of real estate: 44 Thackwell Lane, Dillon, Colorado (the "Colorado Property"); 6857 Indian Hill Place, Cincinnati, Ohio, which is her residence; and 2856 Observatory Avenue, Cincinnati, Ohio (the "Rental Property").

7. The Rental Property has three units, one of which is occupied by another of the Debtor's sons, Joseph Stein.

8. On November 6, 2024, the U.S. Trustee objected to Debtor's designation as a Subchapter V Debtor (doc. 82). On December 6, 2024, the Court entered the Agreed Order Sustaining the United States Trustee's Objection to Debtor's Designation as a Subchapter V Small Business Debtor (doc. 94). Debtor has proceeded from that point as a regular Chapter 11 debtor.

9. According to Debtor's most recently filed Monthly Operating Reports ("MORs") for November and December 2024, the only income she derives is from social security and the rents from the Rental Property (doc. 108; doc. 109). Moreover, the net cash flow for each month has averaged $3,520.38. *Id*.

10. According to Debtor's Amended Schedule A (doc. 54), the Colorado Property was by far her most valuable possession, with an estimated value of $2,900,000. Her remaining property was only valued at $812,515 total (doc. 54).[2]

11. The Colorado Property was sold pursuant to the Order Granting Motion to Approve Private Sale of Real Estate (doc. 84) entered on November 7, 2024, for a total sale price of $2,750,000.

12. The proceeds of the sale were distributed pursuant to the Order Granting Motion of Debtor Debra Hiratzka to Approve Compromise with First Savings Bank (doc. 106) entered

---

[2] Debtor's Amended Schedule A/B shows total assets valued at $3,712,515. Subtracting the estimated value of the Colorado Property from this total leaves a remainder of $812,515.

on January 28, 2025. After paying off closing costs and the first mortgage against the Colorado Property in the approximate amount of $733,000 to PNC Bank,[3] the net proceeds of the sale, totaling $1,816,973.70, were ordered to be paid to First Savings Bank in exchange for the withdrawal of its Proof of Claim in the amount of $2,250,673.77.

13. During the § 341 meeting, Debtor indicated one of her goals in this bankruptcy case was to sell the Colorado Property. She indicated that the debt was incurred by Derojo, Inc. and was preventing it from turning a profit in its automobile sales business, often referred to as Alford Motors. She believed that by selling the Colorado Property and paying off the debt to First Savings Bank, she could begin making a profit through Alford Motors to help fund a Chapter 11 Plan.

14. More than two months after the sale, the only income being reported by the Debtor on her MORs are social security and rents.

15. Outside of the First Savings Bank claim and first mortgage against the Colorado Property in favor of PNC Bank, Debtor's total indebtedness remains $1,384,354.10,[4] of which $1,350,108.82 is secured, after subtracting the unsecured debts listed on Amended Schedule E/F (doc. 54).

## II.    ARGUMENT

### A.    Cause exists under 11 U.S.C. § 1112(b) to dismiss this case.

16. Section 1112(b) of the Bankruptcy Code provides:

> [O]n a request of a party in interest, and after notice and a hearing, *the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of*

---

[3] See Debtor's Amended Schedule D (doc. 54).
[4] A total indebtedness was calculated by the U.S. Trustee at the time it filed its Objection to the Debtor's Subchapter V Designation (doc. 82). At that time the debt was calculated to be $4,368,027.87. Subtracting First Savings Bank's Proof of Claim in the amount of $2,250,673.77 leaves a remaining debt of $2,117.354.10. Further subtracting the PNC Bank mortgage of $733,000 leaves a remaining debt of $1,384,354.10.

3

> *creditors and the estate, for cause* unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of the creditors and the estate.

11 U.S.C. § 1112(b)(1) (emphasis added).

17. The Bankruptcy Code does not define "cause," but 16 examples are given in § 1112(b)(4). One of these examples is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." *See* § 1112(b)(4)(A). To establish cause under § 1112(b)(4)(A), requires a two-pronged analysis. First, there must be evidence that the estate has suffered a substantial or continuing loss. Second, there must not be a reasonable likelihood of rehabilitation.

    *i.    There has been a substantial loss to the estate.*

18. The statute requires evidence of either a substantial loss or a continuing loss to the estate. *See In re TMT Procurement Corp.*, 534 B.R. 912, 918 (Bankr. S.D. Tex. 2015). More than 2/3 of the estate value, in the form of the Colorado Property, has been sold since the commencement of this case. None of the proceeds of that sale were recouped for unsecured creditors. The sale only proved beneficial to creditors whose security interests directly attached to the Colorado Property.

19. As indicated above, the Colorado Property was, by far, the most valuable asset the Debtor owned at the commencement of this case. The Debtor sold it on the understanding it would assist her in reorganizing her business ventures and allow her businesses to turn a profit to fund a Chapter 11 plan. That has proven to be an illusory hope.

20. Therefore, the first prong of 11 U.S.C. § 1112(b)(4)(A) is satisfied.

    *ii.    There is no reasonable likelihood of rehabilitation*

21. As discussed above, even after the sale of the Colorado Property, the outstanding debt in this case is approximately $1,384,354.10. According to Debtor's MORs, her net cash flow each month has averaged $3,520.38. Moreover, that average is likely to continue tracking downward because the first month included social security "back pay" (doc. 108).

22. Even assuming Debtor's net cash flow stays around this average, she would be unable to reorganize. As discussed above, the U.S. Trustee's best estimate of how much secured debt remains is $1,350,108.82. Even if there were no administrative fees, U.S. Trustee fees, or attorney fees to contend with, it would take a plan length of 386 months, or more than 31 years, to pay back her secured debts before beginning any distribution to unsecured creditors.

23. Therefore, the second prong of 11 U.S.C. § 1112(b)(4)(A) is satisfied.

    *iii.* *Dismissal serves the best interests of creditors*

24. Upon a finding of cause, § 1112(b)(1) allows the Court to decide whether to dismiss a case, convert a case to chapter 7, or appoint a trustee or examiner under § 1104(a). In this case, the only appropriate remedy is dismissal.

25. Conversion to chapter 7 would be wholly inappropriate. A chapter 7 trustee's duties require him or her to determine whether there will be sufficient funds to make a meaningful distribution to unsecured creditors before administering a case as an asset case. As established above, there are $1,350,108.82 in secured debts. Further, the Debtor only has $812,515 in assets remaining,[5] even before calculating exemptions. This means a hypothetical chapter 7 trustee would likely "abandon the estate's interest in the [assets] making the conversion to chapter 7 a futile exercise." *In re Vill. Gate*, 2024 Bankr. LEXIS 2176, *34 (Bankr. S.D. Oh. Sept. 17, 2024).

---

[5] Debtor's Amended Schedule A/B shows assets totaling $3,712,515. Subtracting the estimated $2,900,000 value of the Colorado Property leaves a net asset total of $812,515.

5

26. Appointment of an examiner or a trustee under 11 U.S.C. § 1104 also appears to be a pointless alternative. The U.S. Trustee has not alleged "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the [D]ebtor." *See* 11 U.S.C. § 1104(a)(1). Moreover, as discussed above, there is virtually no ability for the Debtor to successfully rehabilitate in a chapter 11 case because of the limited income and extensive secured debts. Adding an examiner or a trustee would simply exacerbate the costs of continuing this case at the expense of creditors. Thus, appointing either an examiner or a trustee would be as futile as converting this case to one under chapter 7.

27. "Dismissal, on the other hand, will return all parties to their prepetition status. . . . And the bankruptcy estate will be relieved of the costs of administration for what appears to be of little to no benefit to creditors as a whole." *In re Vill. Gate*, 2024 Banrk. LEXIS 2176, at *37.

### III. CONCLUSION

28. For the preceding reasons, pursuant to 11 U.S.C. § 1112(b)(1), the Court should dismiss this case for cause and order any further relief as it deems just and appropriate.

Dated: February 27, 2025

Respectfully Submitted:

Andrew R. Vara
United States Trustee, Regions 3 and 9

by: */s/ David T. Austin*
David T. Austin (CT #435157)
United States Department of Justice
Office of the United States Trustee
J.W. Peck Federal Building
550 Main Street, Suite 4-812
Cincinnati, Ohio 45202
Voice: (513) 684-6989
Fax (513) 684-6994
Email: david.austin2@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 27, 2025, a copy of the foregoing MOTION TO DISMISS was served via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

William B. Fecher
*Counsel for the Debtor in Possession*

And via regular mail to:

Debra Hiratzka
6857 Indian Hill Place
Cincinnati, OH 45227

                                                            /s/ David T. Austin
                                                            David T. Austin